UNITED STATES DISTRICT COURT

IN THE EASTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION

KATHRYN L. GOSS,

                Plaintiff,

vs.                                      Case No. _____

MENARD, INC.,

                Defendant.

| GARSKE HEWITT, PLC | SMITH, MARTIN, POWERS & KNIER, P.C. |
|---|---|
| BY:    AARON C. RODENBO (P74205) | BY:    ALAN R. SULLIVAN (P41613) |
|            MARCUS GARSKE (P74472) | Attorneys for Defendant |
| Attorneys for Plaintiff | 900 Washington Avenue, P.O. Box 219 |
| 505 S. Euclid Avenue | Bay City, MI   48707-0219 |
| Bay City, MI  48706 | (989) 892-3924/Fax: 3926 |
| (989) 355-0100/Fax: (989) 778-1464 | asullivan@smpklaw.com |
| www.garskelaw.com | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, 1441 and 1446, Defendant MENARD, INC., a Wisconsin corporation, hereby removes this action from the 18th Judicial Circuit Court, County of Bay, to the United States District Court for the Eastern District of Michigan, Northern Division, stating:

1.      Plaintiff Kathryn L. Goss commenced this action on January 30, 2020 in the 18th Judicial Circuit Court for the County of Bay, State of Michigan, with File No. 20-3047-NI-JS. **(Exhibit A)**

2.      Defendant Menard, Inc., a Wisconsin corporation, and the only defendant, was served with the Summons and Complaint by certified mail on February 5, 2020.

3. In this action, Plaintiff alleges claims of premises liability relating to a March 3, 2019 slip and fall on ice at Defendant's premises on Wilder Road, Bay City, Michigan.

4. This Court has subject matter jurisdiction in this case based upon diversity jurisdiction, 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter where the dispute is between citizens of different states, and the amount in controversy exceeds $25,000, exclusive of interest and costs. Both of the requirements for diversity jurisdiction are met in this case.

5. Plaintiff is a citizen of Michigan.

6. Defendant Menard, Inc. is a Wisconsin corporation with its principal place of business in Eau Claire, Wisconsin.

7. Although Plaintiff does not plead a specific amount of damages in the Complaint, the allegations reveal Plaintiff is seeking damages in excess of $75,000. In the Complaint at paragraphs 16 and 34, Plaintiff alleges she has "suffered permanent bodily injury, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care/treatment, incapacity, loss of function, mental anguish, emotional distress, fright and shock, embarrassment, humiliation, loss of earnings and/or the loss of ability to earn money," and "as the injuries and/or conditions are permanent, Plaintiff will continue to suffer losses in the future."

8. Based on information supplied presuit, Plaintiff sustained a fracture of the right proximal humerus, which was displaced and comminuted. As set forth in her Affidavit, Plaintiff received treatment, including physical therapy, and claims ongoing residual problems which have impacted on her activities. **(Exhibit B)** Information provided presuit regarding the medical expenses indicates a lien in the amount of approximately $11,000. **(Exhibit C)** The non-economic

2

damages, if Plaintiff were to prevail, can be a multiple of the economic damages claimed. In the Court's common sense and experience, if Plaintiff were to prevail, the damages more likely than not would exceed $75,000.

9. In presuit discussions, Plaintiff has made damage demands of $275,000 or more. **(Exhibit D)**

10. It is apparent Plaintiff seeks damages in excess of the $75,000 jurisdictional limit of this Court.

11. Pursuant to 28 U.S.C. 1446(d), a notice of filing notice of removal is being filed with the Bay County Circuit Court. **(Exhibit E)**

WHEREFORE, pursuant to 28 U.S.C. § 1332, 1441 and 1446, Defendant MENARD, INC., a Wisconsin corporation, requests removal of Bay County Circuit Court File No. 20-3047-NI-JS to the United States District Court for the Eastern District of Michigan, Northern Division.

Dated: 2-28-20

SMITH, MARTIN, POWERS & KNIER, P.C.

BY _____
ALAN R. SULLIVAN (P41613)
Attorneys for Defendant
900 Washington Avenue, P.O. Box 219
Bay City, MI 48707-0219
(989) 892-3924
asullivan@smpklaw.com


damages, if Plaintiff were to prevail, can be a multiple of the economic damages claimed. In the Court's common sense and experience, if Plaintiff were to prevail, the damages more likely than not would exceed $75,000.

9. In presuit discussions, Plaintiff has made damage demands of $275,000 or more. **(Exhibit D)**

10. It is apparent Plaintiff seeks damages in excess of the $75,000 jurisdictional limit of this Court.

11. Pursuant to 28 U.S.C. 1446(d), a notice of filing notice of removal is being filed with the Bay County Circuit Court. **(Exhibit E)**

WHEREFORE, pursuant to 28 U.S.C. § 1332, 1441 and 1446, Defendant MENARD, INC., a Wisconsin corporation, requests removal of Bay County Circuit Court File No. 20-3047-NI-JS to the United States District Court for the Eastern District of Michigan, Northern Division.

Dated: 2-28-20

SMITH, MARTIN, POWERS & KNIER, P.C.

BY _____
ALAN R. SULLIVAN (P41613)
Attorneys for Defendant
900 Washington Avenue, P.O. Box 219
Bay City, MI 48707-0219
(989) 892-3924
asullivan@smpklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2020, I electronically filed the Notice of Removal with the Clerk of the Court using the ECF system, and served counsel for Plaintiff the Notice of Removal with exhibits by electronic transmission and first-class mail, as follows:

Aaron C. Rodenbo (P74205)
Marcus Garske (P74472)
Attorneys for Plaintiff
505 S. Euclid Avenue
Bay City, MI 48706
www.garskelaw.com

SMITH, MARTIN, POWERS & KNIER, P.C.

BY _____
ALAN R. SULLIVAN (P41613)
Attorneys for Defendant
900 Washington Avenue, P.O. Box 219
Bay City, MI 48707-0219
(989) 892-3924
asullivan@smpklaw.com