# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>18TH JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | | **SUMMONS** | **CASE NO.**<br>20-3047-NI-JS |

Court address: 1230 Washington Street, Bay City, MI 48708

Court telephone no.: 989-895-4265

| Plaintiff's name(s), address(es), and telephone no(s).<br>KATHRYN L. GOSS, Plaintiff | v | Defendant's name(s), address(es), and telephone no(s).<br>MENARD, INC., Defendant<br>5101 Menard Drive<br>Eau Clair, WI 54707 |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
GARSKE HEWITT, PLC
BY: AARON C. RODENBO
505 S. Euclid Avenue
Bay City, MI 48706
(989) 355-0100

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

Issue date: JAN 3 0 2020    Expiration date: APR 3 0 2020    Court clerk: Cynthia A. Suezak

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS**    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

STATE OF MICHIGAN
IN THE 18TH JUDICIAL CIRCUIT COURT FOR THE COUNTY OF BAY

KATHRYN L. GOSS,
    Plaintiff

File No. 20-3247-NI -JS
HON.
    JOSEPH K. SHEERAN
    P# 28575

v.

MENARD, INC,
    Defendant.

**PROOF OF SERVICE**
THE UNDERSIGNED CERTIFIES THAT THE FOREGOING INSTRUMENT WAS SERVED UPON ALL PARTIES TO THE ABOVE CAUSE TO EACH OF THE ATTORNEYS OF RECORD HEREIN AT THEIR RESPECTIVE ADDRESSES DISCLOSED ON THE PLEADINGS ON _____
BY:
___ U.S. MAIL    ___ FAX
___ HAND DELIVERED  ___ OVERNIGHT COURIER
___ FEDERAL EXPRESS  ___ OTHER
SIGNATURE: _____

GARSKE HEWITT, PLC
BY:    AARON C. RODENBO (P74205)
        MARCUS GARSKE (P74472)
Attorneys for Plaintiff
505 South Euclid Avenue
Bay City, MI 48706
T: (989) 355-0100
F: (989) 778-1464

*There is no other pending and/or resolved civil action arising
out of the same transaction or occurrence as alleged in the Complaint.*

## COMPLAINT

NOW COMES Plaintiff, KATHRYN L. GOSS, by and through her attorneys, GARSKE HEWITT, PLC, by AARON C. RODENBO, ESQ., and for her Complaint, states as follows:

### COMMON ALLEGATIONS

1. That Plaintiff, KATHRYN L. GOSS, (hereinafter referred to as "Plaintiff") is a resident of the City of Bay City, County of Bay and the State of Michigan.

2. That Defendant, MENDARD, INC. (hereinafter referred to as "Defendant"), is a Foreign Profit Corporation, doing business in the Township of Monitor, City of Bay City, County of Bay and State of Michigan.

1

3. That at all times pertinent hereto, Defendant owned and operated a Menard's Store, which is located at 2864 Wilder Road, Bay City, MI 48706, Township of Monitor, City of Bay City, County of Bay, State of Michigan.

4. That this cause of action arose out of and jurisdiction exists in this Honorable Court, as the result of the negligence of Defendant's, it agent(s), servant(s) and/or employee(s) at Defendant's aforementioned Bay City, MI Store (hereinafter referred to as "Defendant's Store"), which is located at 2864 Wilder Road, Bay City, MI 48706, Township of Monitor, City of Bay City, County of Bay, State of Michigan.

5. That the amount in controversy in this litigation exceeds $25,000.00, exclusive of costs, interest and attorney fees, and is otherwise within the jurisdiction of this Honorable Court.

## COUNT I

6. That Plaintiff hereby adopts and incorporates by reference each and every allegation contained in Paragraphs 1 through 5 of this Complaint, as though set forth herein.

7. That on or about March 3, 2019, Defendant was the owner and operator of a store located at 2864 Wilder Road, Bay City, MI 48706.

8. That prior to said date, Defendant, its agent(s), servant(s) and/or employee(s) knew about a defect in the design and/or construction in the gradation of the asphalt near the entrance/exit going into the Gardening Area of its store.

9. That Defendant, its agent(s), servant(s) and/or employee(s) knew that said defect causes / caused the pooling and/or accumulation of water, ice, snow and/or sleet near the entrance/exit going into the Gardening Area of its store.

10. That on said date, Plaintiff went onto and into Defendant's premises of said store, when she was caused to slip and fall as a result of the defect and its causation of the

accumulation of ice, snow, water and/or some other transitory substance on the floor in the Gardening Area of the store.

11. That after Plaintiff slipped and fell, Defendant's agent(s), servant(s) and/or employee(s) admitted that they knew about the defect, yet failed to remedy it.

12. That Defendant and/or agent(s), servant(s) and/or employee(s) knew, or, in the exercise of reasonable care should have known of the defect and/or condition, and/or Defendant, its agent(s), servant(s) and/or employee(s) created the defect and/or condition either through the acts of its agent(s), servant(s) and/or employee(s) and/or failed to correct the defect and/or condition and to warn Plaintiff of its existence.

13. That at all times pertinent hereto, Defendant, its agent(s), servant(s) and/or employee(s) were in the course and scope of his and/or her employment with Defendant.

14. That Plaintiff's injuries and/or conditions were caused by the defect and/or by Defendant, its agent(s), servant(s) and/or employee(s) careless actions and/or failure to use reasonable care, this being negligence by Defendant, it's agent(s), servant(s) and/or employee(s), who had a duty to conduct his and/or her work at Defendant's store in a careful, reasonable and non-negligent manner, which would not endanger other persons; this duty owed to the general public and to Plaintiff, in particular.

15. That Defendant, it's agent(s), servant(s) and/or employee(s) by his and/or her actions and/or omissions, violated his and/or her duty to the public in general and to Plaintiff in particular; each and every act of negligence and/or gross negligence by Defendant, it's agent(s), servant(s) and/or employee(s) being the proximate cause of Plaintiff's injuries and/or conditions, which includes but is not limited to the following:

3

    a. In creating a dangerous defect and/or condition which Defendant, it's agent(s), servant(s) and/or employee(s) knew or should have known could result in injury to Plaintiff;

    b. Failing to exercise reasonable care in warning Plaintiff of the defect;

    c. Failing to warn the public, including Plaintiff, of the risk of defect, danger and/or condition;

    d. In failing to exercise reasonable care while conducting his and/or her work at Defendant's store;

    e. Failing to perform his and/or her work in such a manner as was contrary to safe practices and/or protocol and so reckless as to demonstrate a substantial lack of concern for whether an injury might result;

    f. In performing other acts and/or omissions which become known through the course of discovery;

16. That further, as a direct result of the negligence of Defendant, it's agent(s), servant(s) and/or employee(s), Plaintiff suffered permanent bodily injury, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care / treatment, incapacity, loss of function, mental anguish, emotional distress, fright and shock, embarrassment, humiliation, loss of earnings and/or the loss of ability to earn money, as well as other damages that become known through the course of discovery. As the injuries and/or conditions are permanent, Plaintiff will continue to suffer losses in the future.

17. That in the event that it should be determined that Plaintiff was suffering from any pre-existing injuries and/or conditions on the date of the incident set for in this Complaint, then, and, in such event, it is averred that the negligence of Defendant, it's

4

agent(s), servant(s) and/or employee(s), exacerbated, precipitated and aggravated, such pre-existing conditions.

18. That Defendant is liable to Plaintiff under the law of agency, Doctrine of Respondent Superior, statutes and/or common law for negligence, gross negligence and/or tortious conduct of the aforementioned agent(s), servant(s) and/or employee(s) of Defendant, it's agent(s), servant(s) and/or employee(s), which resulted in injuries, conditions and/or damages to Plaintiff as previously set forth herein, and which were the direct and proximate result of the acts of Defendant, its agent(s), servant(s) and/or employee(s), while he and/or she was acting as an agent and/or in the scope of his and/or her employment for Defendant.

WHEREFORE Plaintiff prays that a judgment be entered in her favor against the Defendant for whatever amount, in excess of $25,000.00, she is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT II

19. That Plaintiff hereby adopts and incorporates by reference each and every allegation contained in Paragraphs 1 through 18 of this Complaint, as though set forth herein.
20. That on or about March 3, 2019, Defendant was the owner and operator of a store located at 2864 Wilder Road, Bay City, MI 48706.
21. That on said date, Plaintiff went onto and into Defendant's premises of said store, as a business invitee, along with her husband, Bruce Goss.
22. That after picking up a few items from the main store area, Plaintiff and Mr. Goss then proceeded to the Gardening Area of the store.

5

23. That the couple picked up a few more items in the Gardening Area, they proceeded back towards the main area of the store.

24. That as the couple were near the entrance/exit into the main store area, Plaintiff was caused to slip and fall as a result of ice, snow, water and/or some other transitory substance on the floor in the gardening area of the store that was not open and obvious.

25. That Defendant and/or its agent(s), servant(s) and/or employee(s) owed Plaintiff the duty of due and reasonable care.

26. That Defendant and/or agent(s), servant(s) and/or employee(s) knew, or, in the exercise of reasonable care should have known of the condition, and/or Defendant's agent(s), servant(s) and/or employee(s) created the condition either through the acts of its agent(s), servant(s) and/or employee(s) and/or failed to correct the condition and/or warn Plaintiff of its existence.

27. That at all times relevant hereto Defendant, its agent(s), servant(s) and/or employee(s) were acting in a negligent and/or inattentive manner.

28. That Defendant, its agent(s), servant(s) and/or employee(s) negligent acts or omissions were a legal and proximate cause of Plaintiff's injuries and/or conditions.

29. That the actions of Defendant, its agent(s), servant(s) and/or employee(s) that caused Plaintiff's injuries and/or conditions were not open and obvious, under Michigan law.

30. That the "Open and Obvious" Doctrine does not apply to this cause of action.

31. That at all times pertinent hereto, Defendant, its agent(s), servant(s) and/or employee(s) were in the course and scope of his and/or her employment with Defendant.

32. That Plaintiff's injuries and/or conditions were caused by the Defendant, its agent(s), servant(s) and/or employee(s) careless actions and/or failure to use reasonable care,

6

this being negligence by Defendant, it's agent(s), servant(s) and/or employee(s), who had a duty to conduct his and/or her work at Defendant's store in a careful, reasonable and non-negligent manner, which would not endanger other persons; this duty owed to the general public and to Plaintiff, in particular.

33. That Defendant, it's agent(s), servant(s) and/or employee(s) by his and/or her actions and/or omissions, violated his and/or her duty to the public in general and to Plaintiff in particular; each and every act of negligence and/or gross negligence by Defendant, it's agent(s), servant(s) and/or employee(s) being the proximate cause of Plaintiff's injuries and/or conditions, which includes but is not limited to the following:

    a. In failing to exercise reasonable care while conducting his and/or her work at Defendant's store;
    b. Failing to exercise reasonable care in the cleaning of the store floor;
    c. Failing to exercise reasonable care in warning Plaintiff of the condition;
    d. Failing to warn the public, including Plaintiff, of the risk of danger and/or condition;
    e. Failing to perform his and/or her work in such a manner as was contrary to safe practices and/or protocol and so reckless as to demonstrate a substantial lack of concern for whether an injury might result;
    f. In creating a dangerous condition which Defendant, it's agent(s), servant(s) and/or employee(s) knew or should have known could result in injury to Plaintiff;
    g. In performing other acts and/or omissions which become known through the course of discovery;

34. That further, as a direct result of the negligence of Defendant, it's agent(s), servant(s) and/or employee(s), Plaintiff suffered permanent bodily injury, and resulting pain and

7

suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care / treatment, incapacity, loss of function, mental anguish, emotional distress, fright and shock, embarrassment, humiliation, loss of earnings and/or the loss of ability to earn money, as well as other damages that become known through the course of discovery. As the injuries and/or conditions are permanent, Plaintiff will continue to suffer losses in the future.

35. That in the event that it should be determined that Plaintiff was suffering from any pre-existing injuries and/or conditions on the date of the incident set for in this Complaint, then, and, in such event, it is averred that the negligence of Defendant, it's agent(s), servant(s) and/or employee(s), exacerbated, precipitated and aggravated, such pre-existing conditions.

36. That Defendant is liable to Plaintiff under the law of agency, Doctrine of Respondent Superior, statutes and/or common law for negligence, gross negligence and/or tortious conduct of the aforementioned agent(s), servant(s) and/or employee(s) of Defendant, it's agent(s), servant(s) and/or employee(s), which resulted in injuries, conditions and/or damages to Plaintiff as previously set forth herein, and which were the direct and proximate result of the acts of Defendant, its agent(s), servant(s) and/or employee(s), while he and/or she was acting as an agent and/or in the scope of his and/or her employment for Defendant.

WHEREFORE Plaintiff prays that a judgment be entered in her favor against the Defendant for whatever amount, in excess of $25,000.00, she is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

8

## COUNT III

37. That Plaintiff hereby adopts and incorporates by reference each and every allegation contained in Paragraphs 1 through 36 of this Complaint, as though set forth herein.

38. That Defendant breached a duty owed to the public, including this Plaintiff, in failing to exercise reasonable care in the supervision of its agent(s), servant(s) and/or employee(s) in performing his and/or her work at the Defendant's store.

39. That Defendant breached a duty owed to the public, including this Plaintiff, in failing to exercise reasonable care in training the aforementioned agent(s), servant(s) and/or employee(s) in the performance of his and/or her work at Defendant's store.

40. That the Defendant is liable to the Plaintiff for her injuries and damages as set forth previously herein which were a direct and proximate result of its negligence in hiring, training and/or supervising its agent(s), servant(s) and/or employee(s).

WHEREFORE Plaintiff prays that a judgment be entered in her favor against the Defendant for whatever amount, in excess of $25,000.00, she is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

9

Dated: 1-30-2020

Respectfully submitted,

GARSKE HEWITT, PLC

BY: _____
AARON C. RODENBO (P74205)
MARCUS R. GARSKE (P74472)
Attorneys for Plaintiff
505 South Euclid Avenue
Bay City, MI 48706
T: (989) 355-0100
F: (989) 778-1464

10

STATE OF MICHIGAN
IN THE 18TH JUDICIAL CIRCUIT COURT FOR THE COUNTY OF BAY

KATHRYN L. GOSS,
    Plaintiff

File No. 20-304-NI
HON. JOSEPH K. SHEERAN
P# 28575

v.

MENARD, INC,
    Defendant.

**PROOF OF SERVICE**
THE UNDERSIGNED CERTIFIES THAT THE FOREGOING INSTRUMENT WAS SERVED UPON ALL PARTIES TO THE ABOVE CAUSE TO EACH OF THE ATTORNEYS OF RECORD HEREIN AT THEIR RESPECTIVE ADDRESSES DISCLOSED ON THE PLEADINGS ON _____
BY:
    ___ U.S. MAIL    ___ FAX
    ___ HAND DELIVERED    ___ OVERNIGHT COURIER
    ___ FEDERAL EXPRESS    ___ OTHER
SIGNATURE _____

GARSKE HEWITT, PLC
BY:    AARON C. RODENBO (P74205)
        MARCUS GARSKE (P74472)
Attorneys for Plaintiff
505 South Euclid Avenue
Bay City, MI 48706
T: (989) 355-0100
F: (989) 778-1464

## JURY DEMAND

NOW COMES the Plaintiff, KATHRYN L. GOSS, by and through her attorneys, GARSKE HEWITT, PLC, by AARON C. RODENBO, ESQ., and herewith demands a trial by jury of the issues contained herein.

Dated: 1-30-2020

Respectfully submitted,

GARSKE HEWITT, PLC

BY: _____
    AARON C. RODENBO (P74205)
    MARCUS R. GARSKE (P74472)
    Attorneys for Plaintiff
    505 South Euclid Avenue
    Bay City, MI 48706
    T: (989) 355-0100
    F: (989) 778-1464

*[Stamp: STATE OF MICHIGAN, COUNTY OF BAY, ATTESTED A TRUE COPY, CYNTHIA A. LUCZAK, CLERK OF CIRCUIT COURT, By _____ Deputy]*