UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KATHRYN L. GOSS,

                Plaintiff,

v                                                Case No. 20-10535
                                                   Honorable Thomas L. Ludington

MENARD, INC.,

                Defendant.
_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION, REMANDING THE CASE TO STATE COURT AND DENYING REQUEST FOR COSTS AND ATTORNEYS FEES**

On January 30, 2020, Plaintiff Kathryn Goss filed a complaint against Defendant Menard, Inc. in the 18th Judicial Circuit Court for the County of Bay in the state of Michigan. ECF No. 1-1. Goss alleges that on March 3, 2019, she was on Defendant's premises when she slipped and fell due to an "accumulation of ice, snow, water and/or some other transitory substance on the floor in the Gardening Area of the store." *Id.* at PageID.9. This resulted in Plaintiff fracturing the right proximal head of her humerus bone. ECF No. 5 at PageID.67. The next month, Defendant timely removed the case to this Court based on diversity jurisdiction. ECF No. 1.

Plaintiff has now filed a motion to remand the case to state court, claiming that the amount in controversy does not exceed $75,000. ECF No. 5.

**I.**

"Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing 28 U.S.C. § 1441(a)). Federal district courts have original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. *Rogers*, 230 F.3d at 871 (citing 28

U.S.C. § 1332(a)). "A defendant removing a case has the burden of proving the diversity jurisdiction requirements," and the amount in controversy is determined "as of the time of removal." *Rogers*, 230 F.3d at 871. Doubts about removal "should be resolved in favor of remand to the state courts." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) (citation omitted).

## II.

Plaintiff argues that this case should be remanded because the requirements for diversity jurisdiction have not been met. She also contends that the Court should award attorney's fees and actual expenses incurred as a result of the removal. ECF No. 5 at PageID.75-76. Each issue will be discussed in turn.

### A.

While there are two requirements for diversity jurisdiction under § 1332—diverse citizens and an amount in controversy over $75,000—the first is not in dispute here: Defendant is a Wisconsin corporation and Plaintiff is a citizen of Michigan. Rather, Plaintiff challenges the second requirement; she argues that the amount in controversy does not eclipse $75,000. She is correct. To begin, the party opposing remand has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds jurisdictional requirements. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 159–160 (6th Cir. 1993), abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010); *see also Charvat v. Echostar Satellite, LLC*, 630 F.3d 459, 462 (6th Cir. 2010) (party invoking federal jurisdiction bears the burden of satisfying the requirements of federal jurisdiction). In other words, Defendant "has the burden of showing that the requirement 'more likely than not' is satisfied." *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621

F.3d 554, 560 (6th Cir. 2010) (quoting *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006)).

Plaintiff's complaint states only that the amount in controversy "exceeds $25,000." *See Nowicki-Hockey v. Bank of Am., N.A.*, 593 F. App'x 420, 422 (6th Cir. 2014) (finding the amount-in-controversy inadequate where the plaintiff requested judgment "in excess of $25,000" explaining that "where the plaintiff seeks to recover some *unspecified* amount that is not self-evidently greater or less than the federal amount-in-controversy requirement, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.") (emphasis in original) (internal quotations omitted). Defendant contends that Plaintiff's claim exceeds $75,000 because of the injuries Plaintiff alleged in her complaint, including permanent bodily injury, pain and suffering, disability, disfigurement, mental anguish, etc. ECF No. 9 at PageID.111. It also reasons that the addition of Plaintiff's required interest, costs, and reasonable attorney fees support the conclusion that the controversy involves over $75,000.

However, an exhibit from Defendant's notice of removal demonstrate that Plaintiff only incurred medical expenses of approximately $11,000 and that her fractured humerus completely healed. ECF No. 1-3; ECF No. 5 at PageID.68. Defendant does not furnish documentation providing other expenses incurred by Plaintiff owing to the injury.

$11,000 is much less than $75,000. Defendant's argument is similar to that made by the defendant in *Spawr*. In that case, the defendant argued that plaintiff's claim for PIP damages in "excess of $25,000," when combined with potential attorney's fees, amounted to more than $75,000. *Spawr v. Encompass Ins. Co.*, 2008 WL 4534411, at *2–*3. The court rejected the notion, indicating that "[e]ven if the Court assumes that the amount in controversy includes interest and

attorney's fees, Defendant has not met its burden of proving that the amount in controversy for benefits owed as of the date of removal, together with interest and attorney's fees, 'more likely than not' exceeds $75,000." Id. at *3 (citing *Everett*, 460 F.3d at 822).

Because Defendant has not proved by a preponderance of the evidence that the amount in controversy exceeds $75,000, Plaintiff's complaint will be remanded.

**B.**

Plaintiff also asks to be awarded her costs and actual expenses, including attorney's fees, incurred as a result of Defendant's removal of the action. Title 28 U.S.C. § 1447(c) establishes that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has clarified that pursuant to § 1447(c), "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Regardless of whether Defendant had an "objectively reasonable basis" for seeking removal, expenses will not be granted to Plaintiff because of the deficiencies of her Motion to Remand. Plaintiff dedicated an entire page of her 3.5-page brief arguing that her complaint does not involve a federal question. However, this argument is wholly irrelevant since Defendant removed the case on the basis of diversity jurisdiction, not federal question jurisdiction. Plaintiff gave only passing reference in two paragraphs to whether diversity jurisdiction was appropriate. She furnished the Court with no legal authority to support her contentions, relying upon the Court to locate the legal authority for making a decision. Moreover, she did not file a reply brief to

Defendant's response, providing the Court with no assistance in addressing Defendant's arguments.

Additionally, Plaintiff's exhibits did not comply with the Eastern District of Michigan's Electronic Filing Policies and Procedures Rule 19(b), which provides:

> The filing user must prepare an index of exhibits and file the index as the first attachment to the paper. Each exhibit must be described on the index both by an exhibit identifier and by a brief narrative description.
>
> Each exhibit must then be filed and identified as a separate attachment to the paper and must be labeled in the electronic record with an exhibit identifier and brief narrative description.

Plaintiff did not include an index of exhibits with her motion nor did she furnish in the electronic record a brief narrative description of each exhibit. Additionally, Plaintiff included the exhibits between her motion and her accompanying brief, making no indication that her brief was located on page 27 of the filing after her three exhibits. Lastly, Plaintiff's motion did not comply with Local Rule 5.1 requiring motions to be double-spaced.

As Plaintiff acknowledges in her brief, "[a]n award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) falls 'squarely within the discretion of the district court.'" ECF No. 5 at PageID.75 (quoting *Warthman v. Genoa Twp. Bd. Of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008)). Due to the deficiencies in the content, formatting, and filing of Plaintiff's Motion to Remand, she will not be awarded attorney's fees and costs.

### III.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Remand, ECF No. 5, is **GRANTED IN PART**.

It is further **ORDERED** that this case is **REMANDED** to the Circuit Court for the County of Bay.

It is further **ORDERED** that Plaintiff's request for costs and attorney's fees is **DENIED**.

Dated: July 8, 2020         <u>s/Thomas L. Ludington</u>
                            THOMAS L. LUDINGTON
                            United States District Judge

- 6 -